## Illinois Central R. R. Co. et al v Ethridge, By, et al.

(Decided September 28, 1911.)

Appeal from McCracken Circuit Court.

Affirming Upon the Evidence.—In an action for the recovery for in-

juries to a boy who was run over by a train, while several witnesses contradicted the boy as to the circumstances, the jury evidently believed the boy, and as it was a matter for their determination the judgment will not be disturbed.

TRABUE, DOOLAN & COX, BLEWETT LEE, C. L. SIVLEY and WHEELER & HUGHES for appellants.

S. H. CROSSLAND, HENDRICK & CRICE for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

Ray Ethridge, a boy six or seven years old, was run over by one of appellant's trains in the outskirts of the city of Paducah, and his foot and leg so crushed that it was necessary to amputate it below the knee. By his next friend he brought suit against the railroad and those in charge of the train to recover damages for the injuries sustained by him, upon the theory that they were negligent in the operation of the train. The company and the individual defendants filed separate answers denying liability, and pleading contributory negligence on the part of the boy. Upon these issues the case was submitted to a jury, under instructions that were unobjectionable, and, a verdict having been returned in favor of the plaintiff for $3,000, the company appeals.

Two grounds are relied upon for reversal. First, it is insisted that the verdict is flagrantly against the evidence, and second, that the court erred in failing to grant a continuance or at least a postponement of the case to a further day in the term, in order that the presence of two absent witnesses might be procured. An affidavit filed in support of the motion for a continuance discloses the fact that the company had, on the morning that the case was to be called for trial, discovered that two witnesses were present at the time of the injury and saw how it occurred; that if present they would state that the little boy was running along the side of one of the cars, pulling at a wire or string attached to the airhose, and that, while thus engaged, he fell and the wheels of the car passed over his leg. The court permitted this affidavit to be read to the jury as the deposition of the absent witnesses, and it is of this ruling that most serious complaint is made.

We are of opinion, however, that inasmuch as there

were at least two other witnesses who testified to this same state of facts, and the evidence therefore upon this point would have been but cumulative, plaintiff was not prejudiced because of the failure of the court to postpone the case in order to have these witnesses personally present in court.

The injured boy testifies that, while upon the foot crossing, the train backed against him, knocked him down and ran over him. He is supported by the testimony of his mother, who states that, as she looked out of the door, she saw the train back over him. The evidence of these two absent witnesses, as did that of other witnesses who testified that they saw the accident, flatly contradicted the boy and his mother. The jury understood that if these two absent witnesses were present they would give the testimony detailed in the affidavit, and we do not believe that appellant would have made out a stronger case upon this point if these witnesses had been present and so testified. In any event, upon this showing we would be unwilling to hold that the trial judge abused his discretion in refusing to grant the continuance or postpone the case.

The engineer, fireman and conductor, as well as the division road master on the Tennessee division and the road supervisor, who testified that they were riding on the rear platform of the caboose, all state positively that the train did not back at all, and hence could not have backed over appellee. They further state that they did not see appellee at all, either before he was run over or afterward, and that, but for the fact that the road master was notified that someone was run over, they would not have known it. These five witnesses and two or three negroes living in the vicinity state that the train did not back, and at least four witnesses testify that the boy was run over while running along pulling at something attached to the air brake. Opposed to their testimony is that of the boy and his mother, who say that he was injured on the crossing while the train was backing. The decided numerical weight of the testimony is with the appellant; but we have frequently said that the finding of the jury will not be disturbed simply because against the numerical weight of the evidence. None of those who were on the train saw the boy at all, although some of them said they were in a position where they could have seen him. If he was injured as he says, by being backed

over, we can readily understand why the division road master and the road supervisor did not see him after he was injured; but if the injury occurred in the way in which the eye witnesses for appellant say it did, they should have seen the boy after the train passed, for these witnesses say that he got up and attempted to walk, but fell down again. The conductor, who was in the caboose, likewise should have seen him after the train had passed, for he says he was in a position to see. The fact that none of them did see him lends color to the testimony of the boy that he was injured while the train was moving in the other direction. At all events, this was a matter for the determination of the jury, and they having accepted the straight forward statement of the little boy as to how it occurred rather than that of the several witnesses who contradict him, we are unwilling to disturb that finding.

Judgment affirmed.